# IN THE COURT OF APPEALS OF IOWA

No. 13-1546
Filed December 10, 2014

**PETER MENDOZA JR.,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Johnson County, Robert E. Sosalla, Judge.

Peter Mendoza Jr. appeals the dismissal of his application for postconviction relief. **AFFIRMED.**

Mark C. Meyer, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, Sharon Hall, Assistant Attorney General, Janet M. Lyness, County Attorney, and Susan D. Nehring, Assistant County Attorney, for appellee State.

Considered by Danilson, C.J. and Vogel and Bower, JJ.

**DANILSON, C.J.**

Peter Mendoza Jr. appeals the dismissal of his application for postconviction relief (PCR). Mendoza maintains his appellate counsel was ineffective for failing to challenge on direct appeal the trial court's limitation of Mendoza's impeachment of the State's eyewitness. We find the trial court did not abuse its discretion in limiting the impeachment of the witness, thus appellate counsel was not ineffective for failing to raise the claim on direct appeal. Mendoza's remaining claims were not raised in his application for PCR, and we decline to review them. *See* Iowa Code § 822.8 (2011). Accordingly, we affirm the district court's denial of Mendoza's application for PCR.

**I. Background Facts and Proceedings**

On June 5, 2009, Mendoza was charged by trial information with arson in the first degree. He entered a plea of not guilty, and trial was scheduled to begin on January 4, 2010. Prior to the commencement of trial, Mendoza's trial attorney filed a notice of intent to impeach Ward, the State's alleged eyewitness, pursuant to Iowa Rule of Evidence 5.609(b).[1] Mendoza's trial attorney requested to present a full recitation of Ward's impeachable offenses to the jury—thirteen in

---

[1] Rule 5.609(a)(2) provides, "Evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment." However, rule 5.609(b) limits the admissible convictions, providing:

> Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interest of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than ten years old is calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

total—although most of them were more than ten years old. The court held a pretrial hearing on the matter. Mendoza's trial attorney maintained all of Ward's convictions should be admissible because they showed "a continuing pattern" that "reflect on [Ward]'s credibility" and Ward's credibility was "paramount" to the State's case. The State argued there was not "adequate proof of all the convictions [Mendoza's trial attorney] itemized" and that the ones there was adequate proof of did not constitute a "continuous pattern of behavior." The court ruled Mendoza could not impeach Ward with the convictions that were more than ten years old because the probative value did not substantially outweigh the prejudicial effect, stating:

> [A]nd I've considered the issue and balancing factors including the impeachment value of prior crimes, the point in time of the convictions and David Ward's subsequent history as made known to the court.
> . . . The court considered the importance of David Ward's testimony and the centrality of the credibility issue here.
> The court finds that David Ward's testimony is very important to the [S]tate and his credibility is very important. The court, however, is pretty concerned about the weakness of the evidence of conviction.
> You know, as the judge here, I would like to know which specific crimes that have been listed in the motion truly are convictions. I'm not able to know that based on the evidence that has been presented here at this hearing, and I also think it is significant that many of these convictions are really remote in time, not only back ten years but significantly even longer ago and there is a noticeable gap in the criminal history from 1995 up to 2009.

The case then proceeded to trial. On the second day, a witness violated the motion in limine by referencing Mendoza's prior bad acts, and the district court granted a mistrial. Mendoza filed a motion to dismiss, which the district court denied.

Mendoza's second trial was held on February 8–10, 2010. Prior to the trial, Mendoza's counsel asked the court to revisit the notice of intent to impeach Ward with his prior convictions, maintaining they had obtained a certified copy of Ward's criminal record from Illinois that clarified Ward's criminal history. The court re-affirmed that Ward could be impeached by two theft convictions that he received within the last ten years and additionally allowed Mendoza to use a burglary conviction from January 2000 to impeach Ward. All of Ward's other convictions were ruled inadmissible for impeachment.

The jury trial then commenced. During the State's closing arguments, the prosecutor stated:

> The law also tells you you can consider a witness's interest in the trial, their motive, bias, they have a prejudice that might affect may not truthfulness even but perception, memory. Now, we had eleven witnesses who testified for the [S]tate. We'll talk in a minute about those. There were no defense witnesses and they are not required to call absolutely, the burden is on the [S]tate. The reason I mention that is only because there were no testimony or exhibits that directly refuted or disputed—

Mendoza's trial counsel then interjected with an objection, which the court sustained. At the request of Mendoza's attorney, the court instructed the jury to disregard the comments made by the prosecutor. The prosecutor then proceeded with closing arguments.

On February 10, 2010, the jury returned a guilty verdict for arson in the first degree.

On March 8, 2010, trial counsel filed a motion for new trial asserting the verdict was contrary to the law and the evidence, the "court abused its discretion by not allowing the defendant to impeach the State's eyewitness with evidence of

felony convictions more than ten years old," and the "prosecuting attorney engaged in prejudicial misconduct during the trial by commenting on the defendant's not presenting evidence." The State resisted the motion, and following a hearing, the court denied it. Mendoza was sentenced to an indeterminate term of incarceration not to exceed twenty-five years.

On direct appeal, Mendoza's appellate counsel argued the district court abused its discretion when it denied Mendoza's motion for new trial because the weight of the evidence did not support a finding Mendoza had the necessary intent to support a conviction for arson in the first degree. In *State v. Mendoza*, No. 10–0645, 2011 WL 662700, at *5 (Iowa Ct. App. Feb. 23, 2011), we affirmed the district court's denial of Mendoza's motion for new trial on the ground raised.

Mendoza filed a pro se application for PCR on May 4, 2011. With the assistance of counsel, he filed an amended application on February 6, 2012. Following an evidentiary hearing, the district court denied Mendoza's application, and he appeals.

**II. Standard of Review.**

We typically review postconviction-relief proceedings for corrections of error at law. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). However, as here, when the applicant asserts claims of a constitutional nature, our review is de novo. *Id.* We give weight to the lower court's findings concerning the credibility of witnesses. *Id.*

### III. Discussion.

#### A. Ineffective Assistance.

A criminal defendant is entitled to effective assistance of counsel on appeal as well as at trial. *See id.* at 141–42. "We judge ineffective assistance of appellate counsel claims against the same two-pronged test utilized for ineffective assistance of trial counsel claims." *Id.* at 141. To prevail on a claim of ineffective assistance of appellate counsel, the applicant must prove by a preponderance of the evidence (1) the attorney failed to perform an essential duty and (2) prejudice resulted from the failure. *State v. Rodriguez,* 804 N.W.2d 844, 848 (Iowa 2011). To prove that counsel failed to perform an essential duty, he must show "counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms." *See Strickland v. Washington,* 466 U.S. 668, 688 (1984). The applicant must overcome a strong presumption of counsel's competence. *Id.* at 689. To establish prejudice, the applicant must show there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the appellate context, an applicant must establish that the underlying claim likely would have prevailed if it had been raised on direct appeal." *See Ledezma*, 626 N.W.2d at 141. The claim fails if either element is lacking. *See Everett v. State,* 789 N .W.2d 151, 159 (Iowa 2010).

Mendoza maintains appellate counsel was ineffective for failing to challenge the district court's limitation of his impeachment of Ward. To succeed on his claim, Mendoza must prove that counsel failed to act as a "reasonably competent practitioner" by not raising the issue on direct appeal, and had

counsel raised it, it is likely the appellate court would have found the trial court abused its discretion in limiting the impeachment.

Here, it is apparent the district court weighed the probative value, prejudicial effect, as well as the centrality of Ward's testimony to the State's case, and how remote in time the convictions were. Our supreme court has held "that when a district court makes explicit on-the-record findings as to probative value, prejudicial effect, and individual circumstances, the district court often creates a persuasive record that it properly exercised its discretion." *See State v. Redmond*, 803 N.W.2d 112, 118 (Iowa 2011). We conclude, after our review of the explicit findings, the district court did not abuse its discretion in ruling the convictions more than ten years old were inadmissible to impeach Ward. The convictions not admitted were remote in time and their bearing on the witness's credibility would be negligible because the witness was already impeached by three prior convictions. Thus, appellate counsel was not ineffective for failing to raise this issue on direct appeal. *See State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009) ("Because counsel has no duty to raise issues that have no merit, we will first determine whether [defendant's] underlying claims have any validity.").

**B. Other Claims.** For the first time in his appeal from the denial of application for PCR, Mendoza maintains appellate counsel was ineffective for failing to challenge on direct appeal trial counsel's decision not to request a mistrial after the prosecutor's comment that the defense did not call any

witnesses at trial.[2]  Additionally, Mendoza admits in his brief that he is raising for the first time the issue of whether Ward's prior convictions should have been admitted by the trial court, pursuant to Iowa Rule of Evidence 5.405(b), and whether the trial court record fails to establish that he made a knowing and intelligent waiver of his right to testify.  *See* Iowa Code § 822.8 ("All grounds for relief available to an applicant under this chapter must be raised in the applicant's original, supplemental or amended application. . . .  unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.").  Thus, we decline to review these claims.

**IV. Conclusion.**

Because we find trial court did not abuse its discretion in limiting the impeachment of the witness, appellate counsel was not ineffective for failing to raise the claim on direct appeal.  Additionally, Mendoza's remaining claims were not raised in his application for PCR, and we decline to review them.  We affirm the district court's denial of Mendoza's application for PCR

**AFFIRMED.**

---

[2] In his application for PCR, Mendoza framed the issue as follows:
> During closing arguments, the prosecutor committed prosecutorial misconduct by referring to the Defendant's failure to present evidence on his behalf.  The burden of proof is on the State of Iowa and the Defendant has no obligation to prove his innocence, testify, or present evidence.  Trial counsel failed to request a mistrial and the District Court abused its discretion by failing to grant a mistrial.

In its ruling, the district court treated the claim as a challenge of trial counsel's effectiveness.